UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal No. 21-CR-488-CRC** |
| | : | |
| **NOAH S. BACON,** | : | |
| | : | |
| **Defendant.** | : | |

**STATUS REPORT AND UNITED STATES' UNOPPOSED MOTION TO CONTINUE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

The United States of America provides this status report. As part of that report, the United States moves this Court to continue this case and set a status hearing on October 26, 2021, at 2 pm, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. §§ 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date of this report (August 17, 2021) through and including the date of the next hearing. In support of its report and motion, the Government states as follows:

**STATUS REPORT**

Defendant is charged by Indictment with violations of 18 U.S.C. §§ 1752(a)(1) and (2), 40 U.S.C. §§ 5104(e)(2)(B), (D), and (G) and 18 U.S.C. §§ 1512(c)(2) and 2. Defendant appeared for an arraignment before the Honorable Robin Meriweather, United States Magistrate Judge, on August 12, 2021. Later that day, the United States provided extensive individualized and directly relevant discovery to defense counsel. The United States anticipates providing additional discovery in the coming weeks from the seizure of devices from Defendant's residence and from other sources, such as the public or other charged individuals in the Attack on the U.S. Capitol,

which have not yet been identified and/or fully examined. The United States also anticipates beginning plea negotiations in the coming weeks. Those negotiations are likely to take time. To allow the parties sufficient time to identify, produce, and review this discovery and to effectively prepare their cases, the United States moves this Court to continue this case and exclude the time within which the trial must commence under the Speedy Trial Act.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant here, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a

> whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. §§ 3161(h)(7)(B)(i),(ii), and (iv). The parties need time to organize, produce, and review discovery, including discovery from voluminous sources, and to use that discovery to effectively prepare the case. Additionally, the parties need time to begin and work through plea negotiations. Thus, the failure to grant such a continuance would be likely to make a continuation of this proceeding impossible or result in a miscarriage of justice, and the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel has discussed this status report with defense counsel, and he reported that Defendant consents to the exclusion of time under the Speedy Trial Act.

WHEREFORE, the Government respectfully requests provides this status report and moves this Court to set a status hearing on October 26, 2021, at 2 pm and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, from the date of this report (August 17, 2021) through and including the date of the next hearing on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793


By: /s/ Monica A. Stump
Monica A. Stump
Assistant United States Attorney
PA Bar Number 90168
District of Columbia
Capitol Riot Detailee
Nine Executive Drive
Fairview Heights, Illinois 62208
Telephone No. (618) 622-3860
monica.stump@usdoj.gov