UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 21-CR-488-CRC |
| | : | |
| NOAH S. BACON, | : | |
| Defendant. | : | |

### UNITED STATES' UNOPPOSED MOTION TO CONTINUE STATUS HEARING AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL

The United States of America hereby moves this Court for a 60-day continuance of the status conference set for October 26, 2021, and to exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv) from the date this Court enters an Order on this motion through and including the date of the next hearing.  In support of its motion, the Government states as follows:

### FACTUAL BACKGROUND

Defendant is charged by indictment with violations of 18 U.S.C. §§ 1752(a)(1) and (2), 40 U.S.C. §§ 5104(e)(2)(B), (D) and (G), and 18 U.S.C. §§ 1512(c)(2) and (2) that occurred at the United States Capitol on January 6, 2021.  The Government seeks a continuance for the following reasons: (1) the parties have begun plea negotiations, however, more time is needed to discuss the case and work through plea negotiations; and (2) the United States continues to provide individualized discovery as well as discovery generated from other sources.

Since our last status conference, the United States has begun discussing resolution of this matter by plea with defense counsel.  However, that process has only begun, and the parties need

additional time to work through those discussions.

The Government also has continued to provide discovery when it becomes available. Specifically, the Government has provided almost all the discovery directly relevant to Defendant. However, discovery related to Defendant's electronic devices remains outstanding, as agents and examiners continue to work through those items, preparing reports and separating out evidence related to the charges. The Government also anticipates additional evidence coming to light from other charged defendants' devices, social media accounts, and other sources which has not yet been identified or examined, as the investigation into the Capitol Attack continues. Nevertheless, the United States is aware of and takes seriously its obligations pursuant to Federal Rule of Criminal Procedure 16 and Local Criminal Rule 5.1(a), the provisions of *Brady v. Maryland*, 373 U.S. 83, 87 (1963), *Giglio v. United States*, 405 U.S. 150, 153-54 (1972), and the Jencks Act, 18 U.S.C. § 3500.

## ARGUMENT

Section 3161(h) of the Speedy Trial Act sets forth certain periods of delay which the Court must exclude from the computation of time within which a trial must commence. As is relevant to this motion for a continuance, pursuant to subsection (h)(7)(A), the Court must exclude:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). This provision further requires the Court to set forth its reasons for finding that that any ends-of-justice continuance is warranted. *Id.* Subsection (h)(7)(B) sets forth a non-exhaustive list factors that the Court must consider in determining whether to grant an ends-

of-justice continuance, including:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). Importantly, "[i]n setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time." *Bloate v. United States*, 559 U.S. 196, 197 (2010) (*citing* §3161(h)(7)(B)(ii), (B)(iv)). Finally, an interests of justice finding is within the discretion of the Court. *See, e.g., United States v. Rojas-Contreras*, 474 U.S. 231, 236 (1985); *United States v. Hernandez*, 862 F.2d 17, 24 n.3 (2d Cir. 1988).

In this case, an ends-of-justice continuance is warranted under 18 U.S.C. § 3161(h)(7)(A) based on the factors described in 18 U.S.C. § 3161(h)(7)(B)(i)(ii) and (iv). The investigation into the Capitol Attack is ongoing. The need for reasonable time to organize, produce, and review voluminous discovery is among multiple pretrial preparation grounds that Courts of Appeals have routinely held sufficient to grant continuances and exclude the time under the Speedy Trial Act. *See, e.g., United States v. Bikundi*, 926 F.3d 761, 777-78 (D.C. Cir. 2019). The parties also have

begun plea negotiations and request additional time to resolve those discussions. Accordingly, the ends of justice served by granting a request for a continuance outweigh the best interest of the public and Defendant in a speedy trial.

Government counsel notified the defense of the filing of this motion, and both consent to the motion.

WHEREFORE, the Government respectfully requests that this Court grant the motion to continue the Status Hearing set October 26, 2021, for an additional 60 days from the date this Court enters an Order on this motion through and including the date of the next hearing, and that the Court exclude the time within which the trial must commence under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A), (B)(i), (ii), and (iv).

Respectfully submitted,

CHANNING D. PHILLIPS
Acting United States Attorney
DC Bar No. 415793

By: /s/ Monica A. Stump
Monica A. Stump
Assistant United States Attorney
PA Bar Number 90168
District of Columbia
Capitol Riot Detailee
Nine Executive Drive
Fairview Heights, Illinois 62208
Telephone No. (618) 622-3860
monica.stump@usdoj.gov