# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

NOAH BACON,

Defendant.

Case No.: 1:21-cr-00488-CRC-1

**DEFENDANT'S MOTION TO DISMISS COUNT SIX**

COMES NOW, Noah Bacon, by and through undersigned counsel, and, pursuant to Rules 7(c)(1) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the Fifth and Sixth Amendments to the United States Constitution and moves this Court to dismiss Count Six of the indictment in this case. In support thereof, counsel would state the following.

1. Court Six of the indictment against Mr. Bacon alleges that on or about January 6, 2021, he "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, by entering and remaining in the United States Capitol without authority and engaging in disorderly and disruptive conduct" in violation of 18 U.S.C. §§ 1512(c)(2) and 2.

2. In *United States v. Miller*, Crim. No. 1:21-cr-00119-CJN, *United States v. Fischer*, 1:21-cr-00234-CJN, and *United States v. Lang,* 1:21-cr-00053-CJN-1 Judge Nichols of this court dismissed the same counts. In the court's view, a defendant violates Section 1512(c)(2) only when that individual "take[s] some action with respect to a document, record, or other object in order to corruptly obstruct,

*United States v. Noah Bacon*
Case No. 1:21-cr-00488-CRC

Defendant's Second Motion to Dismiss Count One
Page -1-

DISMISS22/07/27 11:02:58

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

impede or influence an official proceeding." Memorandum Opinion (Mem. Op.), ECF 72, at 28.[1]

3.  Like *Miller* Mr. Bacon is not alleged to have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.

4.  Judge Nichols found that there "are two plausible interpretations of the statute:  either §1512(c)(1) merely includes examples of conduct that violates §1212(c)(2)or §1512(c)(1) limits the scope of §1512(c)(2).  The text, structure, and development of the statute over time suggest that the second reading is the better one.  But the first is, at a minimum, plausible." (Mem. Op. at 28).  The Court found a "serious ambiguity"  in the statute the court noted that "courts have 'traditionally exercised restraint in assessing the reach of a federal criminal statute.'"  Citing *United States v. Aguilar*, 515 U.S. 593, 600 (1995) and have "'constru[d] penal laws strictly and resolve[d] ambiguities in favor of the defendant.'"  Citing *United States v. Nasir*, 17 F.4th 459, 473 (3rd Cir. 2021) (Bibas, J., concurring) (citing " *Liparota v. United States*, 471 U.S. 419, 427 (1985).  The court concluded that §1512(c)(2) must be interpreted as limited by subsection (c)(1), and that the defendant must have taken some action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence an official proceeding.[2]

---

[1] The United States has taken an interlocutory appeal of those decisions to the Circuit Court in Case Nos. 22-3041, 22-3038, and 22-3030 respectively.

[2] Other members of this court have reached different conclusions.  See, for example *United States v. Fitzsimons,* 21-cr-158, 2022 WL 1698063, at *6-*12 (D.D.C. May 26, 2022) (Contreras, J.); *United States v. Bingert*, 21-cr-91, 2022 WL 1659163, at *7-*11 (D.D.C. May 25, 2022) (Lamberth, J.); *United States v. Hale-Cusanelli*, No. 21-cr-37 (D.D.C. May 6, 2022) (McFadden, J.) (motion to dismiss hearing at pp. 4-8); *United States v. McHugh* (McHugh II), No. 21-cr-453, 2022 WL 1302880, at *2-*13 (D.D.C. May 2, 2022) (Bates, J.); *United States v. Puma,* 21-cr-454, 2022 WL 823079, at *12 n.4 (D.D.C. Mar. 19, 2022) (Friedman, J.); *United States v. Bozell,* 21-cr-216, 2022 WL 474144, at *5 (D.D.C. Feb. 16, 2022) (Bates, J.); *United States v. Grider*, 21-cr-22, 2022 WL 392307, at *5-*6 (D.D.C. Feb. 9, 2022) (Kollar-Kotelly, J.); *United States v. Nordean*, 21-cr175, 2021 WL 6134595, at *6-*8 (D.D.C. Dec. 28, 2021) (Kelly, J.); *United States v. Montgomery,* 21-cr-46, 2021 WL 6134591, at *10-18 (D.D.C. Dec. 28, 2021) (Moss, J.); *United States v. Mostofsky*, No. 21-cr-138, 2021 WL

*United States v. Noah Bacon*
Case No. 1:21-cr-00488-CRC

Defendant's Second Motion to Dismiss Count One
Page -2-

DISMISS22/07/27 11:02:58

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com

WHEREFORE, counsel respectfully requests this Honorable Court

dismiss Count One of the indictment against him.

Dated:  July 27, 2022


                                              _____
                                              Joseph R. Conte
                                              Counsel for Noah Bacon
                                              Law Office of J.R. Conte
                                              400 Seventh St., N.W., #206
                                              Washington, D.C. 20004
                                              Phone:  202.638.4100
                                              Email:  dcgunlaw@gmail.com

---

6049891, at *11 (Dec. 21, 2021) (Boasberg, J.); *United States v. Caldwell,* No. 21-cr-28, 2021 WL
6062718, at *11-*21 (D.D.C. Dec. 20, 2021) (Mehta, J.); *United States v. Sandlin*, No. 21-cr-88, 2021
WL 5865006, at *5-*9 (D.D.C. Dec. 10, 2021) (Friedrich, J.).

*United States v. Noah Bacon*
Case No. 1:21-cr-00488-CRC

Defendant's Second Motion to Dismiss Count One
Page -3-

DISMISS22/07/27 11:02:58

Joseph R. Conte
Law Office of J.R. Conte
400 Seventh St., N.W., #206
Washington, D.C. 20004
Phone:  202.638.4100
Email:  dcgunlaw@gmail.com