**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 1:21-cr-488 (CRC)** |
| | : | |
| **NOAH BACON,** | : | |
| | : | |
| **DEFENDANT.** | : | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR THE U.S. MARSHALS SERVICE TO PROVIDE NON-**
**CUSTODIAL TRANSPORTATION AND SUBSISTANCE [SIC] FOR TRIAL**

The Court should deny Defendant Noah Bacon's ("Bacon") Motion for the U.S. Marshals Service to Provide Non-custodial Transportation and Subsistance [sic] for Trial, ECF No. 51, because Bacon has failed to show he is unable to pay for transportation and subsistence from his residence in Massachusetts to Washington, D.C. Even if Bacon could establish eligibility under 18 U.S.C. § 4285 for funds to travel to Washington, D.C., he is not entitled to lodging or subsistence during the trial and expenses for post-trial travel to Massachusetts.

**BACKGROUND**

**A. Relevant Procedural History**

On July 23, 2021, the Grand Jury issued an indictment that charged Bacon with violating 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds)(Count One), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds)(Count Two), 40 U.S.C. 5104(e)(2)(B) (Entering and Remaining in the Gallery of either House of Congress) (Count Three), 40 U.S.C. 5104(e)(2)(D)(Disorderly Conduct in a Capitol Building)(Count Four), 40 U.S.C. 5104(e)(2)(G)(Parading, Demonstrating, or Picketing in a Capitol Building)(Count Five), and 18 U.S.C. §§ 1512(c)(2), and 2 (Obstruction of an Official

Proceeding and Aiding and Abetting Obstruction of an Official Proceeding)(Count Six). ECF No. 6. On October 31, 2022, Bacon filed the instant motion. ECF No. 51.

## B. Factual Background

At 1:00 p.m., EST, on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. As early as 12:50 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to – and did – evacuate the chambers.

### *The Defendant's Participation in the January 6, 2021, Capitol Riot*

An affidavit supporting the criminal complaint against Bacon partially describes his role in the January 6, 2021 attack on the Capitol. ECF 1-1. Among other facts, the Statement of Facts alleges that on January 5, 2021, Bacon posted to his Instagram account a photograph of the Washington monument and associated text that read:

> I am in DC for Trump's special Jan 6th event. Extremely excited and hopeful for you to see why I am so excited. Clarity might not be arriving today or tomorrow, but I promise I do believe things are going beautifully (please turn off your tv) and we are on the precipice of something beautiful.

ECF No. 1-1 at 2. Closed circuit camera footage establishes that on January 6, 2021, at 2:15 p.m., Bacon was among rioters who entered the U.S. Capitol through the Senate Wing door. Bacon walked to the Crypt North area.

At approximately 2:17 p.m., Bacon was in the Crypt North area where he and others who unlawfully entered the Capitol encountered a line of law enforcement officers. Approximately five minutes later, the crowd rushed forward and overwhelmed the officers attempting to prevent them from proceeding further inside the Capitol. Publicly available video and closed-circuit security footage establishes that Bacon also made his way to the Rotunda and outside the Rotunda near the East Rotunda door where he used a fallen yellow "Don't Tread on Me" flag to cover a security camera above the door for approximately 8 seconds and then shoved or attempted to jam the flag into the door frame to force the door open and allow other rioters to enter the Capitol.

Bacon then left the East Rotunda door area and dashed up the staircase immediately behind him toward the third floor of the U.S. Capitol. Closed-circuit camera footage establishes that Bacon was outside the Senate gallery when in his line-of-sight, officers attempted to secure multiple Senate gallery doors but were only able to secure one door before rioters attacked them and prevented them from securing the additional gallery doors. Thereafter, Bacon and others entered the Senate gallery where he remained until he exited the gallery and then entered the Senate chamber where he sat for approximately 10 minutes before exiting the chamber and then the U.S. Capitol.

## ANALYSIS

Bacon resides in Aslton, Massachusetts. ECF No. 51 at 1. Bacon requests under 18 U.S.C. § 4285 that the U.S. Marshal pay for his noncustodial transportation and

subsistence "for his appearance at trial and return to Massachusetts." ECF No. 51 at 2.

Bacon did not attach a declaration or an affidavit in support of his motion to establish that

he was unemployed or otherwise without means to pay for his transportation and

subsistence while traveling from Massachusetts to Washington, D.C. for the trial. Instead,

Bacon merely asserts he "does not have the financial ability to pay transportation expenses

from his home to Washington, D.C. and return." ECF No. 51 at 1.

  The Court should deny Bacon's motion because he has failed to establish that he is

unable to pay for transportation and subsistence to the site of court and therefore he is not

entitled to the relief he seeks.[1] Further, even if Bacon could establish that he is unable to

pay for his noncustodial transportation and subsistence while traveling from Massachusetts

to Washington, D.C. for trial, Bacon is not entitled to lodging or subsistence during trial or

noncustodial transportation and subsistence post-trial while traveling from Washington,

D.C. to Massachusetts.

  Title 18, United States Code, Section 4285 provides:

> Any judge or magistrate judge of the United States, when ordering a person
> released under chapter 207 on a condition of his subsequent appearance
> before that court, any division of that court, or any court of the United States
> in another judicial district in which criminal proceedings are pending, may,
> when the interests of justice would be served thereby and the United States
> judge or magistrate judge is satisfied, after appropriate inquiry, that the
> defendant is financially unable to provide the necessary transportation to
> appear before the required court on his own, direct the United States marshal
> to arrange for that person's means of noncustodial transportation or furnish
> the fare for such transportation to the place where his appearance is
> required, and in addition may direct the United States marshal to furnish
> that person with an amount of money for subsistence expenses to his

---

[1] This Court could deny Bacon's motion for subsistence to travel to the District of Columbia for trial without prejudice to the extent Bacon supplies supporting financial information. Even if such information established Bacon's financial eligibility, however, § 4285 does not provide for subsistence during trial or for return travel and may nonetheless not be in the interests of justice, as discussed in more detail below.

destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285. Under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served thereby" order the U.S. Marshal to provide a defendant with funds for the noncustodial transportation and subsistence while traveling to the judicial district or a division within the same judicial district for court proceedings. *Id.* Expenses for subsistence under § 4285 is limited to an amount of money to a defendant's destination. *Id.* The district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest,* 597 F. Supp. 2d 163, 165-166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Since passage of § 4285 defendants have requested that courts go beyond the plain text of § 4285 and order the U.S. Marshal Service to pay expenses or reimbursement of expenses for a defendant's noncustodial transportation and subsistence to the judicial district where trial is pending, through the conclusion of trial, and for noncustodial transportation and subsistence from the judicial district or division where trial was held back to a defendant's residence outside the judicial district or division. Courts have rejected this approach. For example, this Court in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C.1991), denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because

"while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D.Kan.1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave,* 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D.Cal.2009)(granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion as not being in the interest of justice. Recently, in a context relevant here, the Chief Judge of this Court in *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022), denied a motion under § 4285 for travel expenses to attend sentencing by a defendant convicted of misdemeanor offenses related to the breach and assault of the U.S. Capitol on January 6, 2021. In denying the motion, the Court reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying

for defendant to make that same trip now that he is to be sentenced for that
offense conduct.

*Id.*

Bacon has failed to establish he is unable to pay for transportation to court for trial
or that granting the motion is in the interest of justice. First, Bacon's motion fails to provide
the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into
Bacon's ability to pay. In *Forest*, a defendant filed a motion under § 4285 for $48.00 in
funds to pay for travel and reimbursement to attend an upcoming Rule 11 proceeding.
*Forest*, 597 F. Supp. 2d at 164. Forest also supported her motion with documentation
including a receipt that detailed Forest's social security benefits and her "usual expenses."
*Id.* at 166. The court in *Forest* found the information insufficient and denied the motion
because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item
that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds
needed to travel, "the Court would require a much more intensive analysis of her entire
financial situation before it could conclude that she had met the burden contemplated by
the statute." *Id.*

Here, Bacon has not provided the Court with a declaration or sworn affidavit or
documentation supporting his assertion that he is unable to pay which would allow the
Court to fulfill its obligation to conduct an appropriate inquiry into Bacon's ability to pay.
On this basis alone, the Court should deny the motion. Additionally, Bacon, who is charged
under 18 U.S.C. § 1512(c)(2) with felony obstruction of an official proceeding, has failed
to state why it is in the interests of justice that the Court grant his motion.

**CONCLUSION**

WHEREFORE, for the above-stated reasons, the Court should deny Bacon's motion under 18 U.S.C. § 4285 for an order directing the U.S. Marshal Service to provide him with funds for noncustodial transportation and subsistence from Massachusetts to Washington, D.C. for trial and to return to Massachusetts.[2]

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: /s/ *Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
N.Y. Registration Number 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-DC)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601

---

[2] Although 18 U.S.C. § 4285 does not permit the relief Bacon requests based on Bacon's inadequate showing, some courts have found alternative ways to provide defendants with funds for transportation and lodging. *United States v. Badalamenti,* No. 84 CR. 236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it." ); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house."); *United States v. Gundersen*, 978 F.2d 580, 584-585 (10th Cir. 1992)( holding the Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires Pre-Trial Service to provide defendants unable to qualify under 18 U.S.C. § 4285 for funds used for transportation and lodging); *but see United States v. Mendoza,* 734 F. Supp. 2d 281,  285-287 (E.D.N.Y. 2010)(rejecting the reasoning in *Nave* that a half-way house may be an appropriate lodging for a defendant on pretrial release and the reasoning in *Gundersen* that the Pre-Trial Service Agency may arrange for funding and lodging as an overbroad reading of the § 4285 and holding instead that a defendant may access funds under an "admittedly tortured" reading of the Criminal Justice Act, 18 U.S.C. § 3006A, by a court order authorizing defense counsels to access judiciary funds to arrange for their clients transportation and lodging).

Mike.James@usdoj.gov
Telephone: (919) 856-4530