# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | **Case No.: 1:21-cr-00488 (CRC)** |
| **v.** | **:** | |
| | **:** | |
| **NOAH BACON,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS MULTIPLICITOUS COUNTS

The Court should deny Defendant Noah Bacon ("Bacon")'s Motion to Dismiss Multiplicitous Counts, ECF No. 50-4, because Bacon waived his right based on his failure to offer anything more than perfunctory arguments that the counts in the Indictment were multiplicitous and even if waiver did not occur, each count contains elements not found in the other counts and thus the counts were not multiplicitous.

## BACKGROUND

### A. Relevant Procedural History

On July 23, 2021, the Grand Jury issued an indictment that charged Bacon with violating 18 U.S.C. § 1752(a)(1) (Entering and Remaining in a Restricted Building or Grounds) (Count One), 18 U.S.C. § 1752(a)(2) (Disorderly and Disruptive Conduct in a Restricted Building or Grounds) (Count Two), 40 U.S.C. 5104(e)(2)(B) (Entering and Remaining in the Gallery of either House of Congress) (Count Three), 40 U.S.C. 5104(e)(2)(D)(Disorderly Conduct in a Capitol Building) (Count Four), 40 U.S.C. 5104(e)(2)(G)(Parading, Demonstrating, or Picketing in a Capitol Building) (Count Five), and 18 U.S.C. §§ 1512(c)(2), and 2 (Obstruction of an Official Proceeding and Aiding and Abetting Obstruction of an Official Proceeding) (Count Six). ECF No. 6.

On June 1, 2022, the Grand Jury issued a six-count superseding indictment. ECF No. 38.[1]

On October 31, 2022, Bacon moved to dismiss certain counts as multiplicitous. ECF No. 50; ECF No. 50-4 (Motion to Dismiss Multiplicitous Counts).

### B. Factual Background

At 1:00 p.m., EST, on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. As early as 12:50 p.m., certain individuals in the crowd forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to – and did – evacuate the chambers.

### The Defendant's Participation in the January 6, 2021, Capitol Riot

An affidavit supporting the criminal complaint against Bacon partially describes his role in the January 6, 2021 attack on the Capitol. ECF 1-1. Among other facts, the Statement of Facts alleges that on January 5, 2021, Bacon posted to his Instagram account a photograph of the Washington monument and associated text that read:

> I am in DC for Trump's special Jan 6th event. Extremely excited and hopeful for you to see why I am so excited. Clarity might not be arriving today or tomorrow,

---

[1] The Superseding Indictment did not add new offenses or substantively alter the existing charges.

but I promise I do believe things are going beautifully (please turn off your tv) and
we are on the precipice of something beautiful.

ECF No. 1-1 at 2. Closed circuit camera footage establishes that on January 6, 2021, at
2:15 p.m., Bacon was among rioters who entered the U.S. Capitol through the Senate Wing
door.

By approximately 2:17 p.m., Bacon had walked to the Crypt North area where he
and others who unlawfully entered the Capitol encountered a line of law enforcement
officers. Approximately five minutes later, the crowd rushed forward and overwhelmed the
officers attempting to prevent them from proceeding further inside the Capitol. Publicly
available video and closed-circuit security footage establishes that Bacon also made his
way to the Rotunda and outside the Rotunda near the East Rotunda door where he used a
fallen yellow "Don't Tread on Me" flag to cover a security camera above the door for
approximately 8 seconds and then shoved or attempted to jam the flag into the door frame
to force the door open and allow other rioters to enter the Capitol.

Bacon then left the East Rotunda door area and dashed up the staircase immediately
behind him toward the third floor of the U.S. Capitol. Closed-circuit camera footage
establishes that Bacon was outside the Senate gallery when in his line-of-sight, officers
attempted to secure multiple Senate gallery doors but were only able to secure one door
before rioters attacked them and prevented them from securing the additional gallery doors.
Thereafter, Bacon and others entered the Senate gallery where he remained until he exited
the gallery and then entered the Senate chamber where he sat for approximately 10 minutes
before exiting the chamber and then the U.S. Capitol.

## ARGUMENT

### The Indictment's Counts Are Not Multiplicitous.

Bacon asserts, without great elaboration, that if he was convicted of all the counts in the Indictment, his conviction would violate the Double Jeopardy Clause of the U.S. Constitution and "the unnecessary multiplication of counts will prejudice a jury against Mr. Bacon." ECF No. 50-4 at 2. Bacon is wrong.

**I.     Bacon has failed to support his assertion with supporting argument and thus waived the issue.**

Bacon asserts that if he is convicted of all the counts in the Indictment that his conviction would violate the Double Jeopardy Clause based on "the unnecessary multiplication of counts" and its resulting prejudice. ECF No. 50-4 at 2. Although Bacon states "the six counts of the indictment expose the defendant to double, and even triple jeopardy for the same alleged acts[,]" ECF No. 50-4 at 2, he included no argument in support of his motion that demonstrates how each count in the Indictment is multiplicitous with any other count. Thus, Bacon has waived that argument. *Stoller v. United States*, 216 F. Supp. 3d 171, 176 (D.D.C. 2016) (citing *Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("In this circuit it is clear that 'perfunctory and undeveloped arguments . . . are deemed waived.'"). On that basis alone the Court should deny the motion.

**II.    Alternatively, even if Bacon did not waive the issue, each count in the Indictment contains elements that the other counts do not and therefore the counts are not multiplicitous.**

A defendant may be convicted of and sentenced under different statutory provisions for multiple offenses arising out of the same single act or course of conduct so long as Congress authorized the imposition of such multiple punishments.  S*ee United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998) ("If the legislature intends to impose multiple

punishment, imposition of such sentences does not violate Double Jeopardy."). "To determine multiplicity vel non, courts generally apply the *Blockburger* test: '[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not,' i.e., whether either is a lesser included offense of the other." *United States v. Mahdi*, 598 F.3d 883, 888 (D.C. Cir. 2010) (quoting *United States v. Weathers*, 186 F.3d 948, 951 (D.C. Cir. 1999), and *Blockburger v. United States*, 284 U.S. 299, 304 (1932)). If the two offenses each require proof of a fact the other does not, then the charges are not multiplicitous. *Id.* at 890. The *Blockburger* "test focuses on the statutory elements of the offense, not on the proof offered in a given case." *United States v. McLaughlin*, 164 F.3d 1, 8 (D.C. Cir. 1998). Thus, it is irrelevant whether there is significant overlap in the factual proof of each count at trial, or even whether two counts "are based upon the exact same set of facts and circumstances," as long as each count's elements require proof of a fact that the others do not. *United States v. Manafort*, 313 F. Supp. 3d 311, 314 (D.D.C. 2018); *see id.* ("[T]he test for multiplicity is not whether two counts are based on the same set of facts; rather, it is whether the statutory elements of the two offenses are the same.").

Here, Bacon's multiplicity arguments fail because each of the offenses charged in the indictment "requires proof of a fact which the other does not." *Blockburger*, 284 U.S. at 304. Bacon does not even attempt to evaluate or analyze the statutes' elements, and cites nothing to support his claim. All of the counts require proof of multiple facts not required by the other counts, and all require proof of at least one. Thus, the Indictment satisfies *Blockburger*.

First, Count One charges a violation of Section 1752(a)(1) and (b)(1)(A) of Title 18, which applies to a defendant who "knowingly enters or remains in any restricted building or grounds without lawful authority to do so." Thus, the elements of that offense are:

(1)     The defendant entered or remained in a restricted building or grounds as defined in 18 U.S.C. § 1752(c) without lawful authority to do so;

(2)     The defendant did so knowingly.

.

Count Two charges a violation of Sections 1752(a)(2) and (b)(1)(A), which applies to a defendant who "knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions." 18 U.S.C. § 1752(a)(2), (b)(1)(A). The elements of that offense are:

(1)     The defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds as defined in 18 U.S.C. § 1752(c);

(2)     The defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

(3)     The defendant's conduct occurred when, or so that, his conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

Count Three charges a violation of Section 5104(e)(2)(B) of Title 40, which applies to a defendant who "willfully and knowingly. . . (B) enter or remain in the gallery of either House of Congress in violation of rules governing admission to the gallery adopted by that House or pursuant to an authorization given by that House." 40 U.S.C. § 5104(e)(2)(B). The elements of that offense are:

(1)     The defendant entered or remained in the gallery of either House of Congress in violation of rules governing admission to the gallery adopted by that House or pursuant to an authorization given by that House;

(2)      The defendant acted willfully and knowingly.

Count Four charges a violation of Section 5104(e)(2)(D) of Title 40, which applies to individuals who "willfully and knowingly. . . (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress." 40 U.S.C. § 5104(e)(2)(D). The elements of that offense are:

(1)      The defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings;

(2)      The defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress;

(3)      The defendant acted willfully and knowingly.

Count Five charges a violation of Section 5104(e)(2)(G) of Title 40, which applies to a defendant who "willfully and knowingly. . . (G) parade, demonstrate, or picket in any of the Capitol Buildings."  40 U.S.C. § 5104(e)(2)(G). The elements of that offense are:

(1)      The defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings;

(2)      The defendant acted willfully and knowingly.

Count Six charges violations of Sections §§ 1512(c)(2) and 2 of Title 18, which applies to a defendant who "attempted to, and did, corruptly obstruct, influence, and impede an official proceeding, that is, a proceeding before Congress, specifically, Congress's certification of the Electoral College vote as set out in the Twelfth Amendment of the Constitution of the United States and 3 U.S.C. §§ 15-18." 18 U.S.C. §§ 1512(c)(2), and 2. The elements of that offense are:

(1)      The defendant attempted to or did obstruct or impede an official proceeding.

(2)     The defendant intended to obstruct or impede the official proceeding;
(3)     The defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding;
(4)     The defendant acted corruptly.

None of the counts are multiplicitous. Count One requires proof that Bacon was "without lawful authority" to be in any restricted building or grounds (element two of Count One). Counts Two through Six do not require proof of that fact.

Count Two requires proof that Bacon "engaged in disorderly or disruptive conduct in, *or in proximity to*, any restricted building or grounds" (element one of Count Two) (emphasis added). Count One and Counts Three through Six do not require proof of that fact.

Count Three requires proof that Bacon "entered or remained in the gallery of either House of Congress" (element one of Count Three). Counts One and Two, and Counts Four through Six do not require proof of that fact.

Count Four, meanwhile, requires proof that Bacon engaged in "disorderly or disruptive conduct" (element one of Count Four), which Count One and Counts Three through Six do not require.  Although Count Two does include the terms "disorderly or disruptive conduct," Count Two contains the terms "or in proximity to, any restricted building or grounds" which Count Four does not include. Count Four also requires proof that Bacon's conduct "in fact impede[d] or disrupt[ed] the orderly conduct of government business or official functions" (element four of Count Four), which Counts One through Three and Counts Five and Six do not.

Count Five requires that Bacon "parade[d], demonstrate[d], or picket[ed] in any of the Capitol Buildings" (element one of Count Five). Counts One through Four and Six do not require this fact.

Finally, Count Six requires that Bacon acted "corruptly," (element four of Count Six). Counts One through Five do not require this fact.

As such, each count contains at least one element that the other counts do not. Bacon misunderstands that the *Blockburger* multiplicity analysis refers to the elements of the offenses, not whether a single act could violate multiple statutes. The very premise of *Blockburger* and its progeny is that the "same act or transaction"—here, Bacon's presence and violence at the Capitol Grounds—can form the basis of multiple criminal charges so long as each count requires proof of a fact that the others do not. *Mahdi,* 598 F.3d at 888; *Manafort,* 313 F. Supp. 3d at 314 (counts can be "based upon the exact same set of facts and circumstances," if *Blockburger* is satisfied). That Bacon's conduct on January 6, 2021 has led to multiple related charges is unsurprising and utterly ordinary in a criminal case.

**CONCLUSION**

For the foregoing reasons, the Court should deny Bacon's Motion to Dismiss Multiplicitous Counts because in failing to analyze each count to determine whether it is multiplicitous Bacon has failed to establish his claim and even so analyzed each count contains an element that the other counts do not and therefore are not multiplicitous.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: */s/ Michael G. James*
MICHAEL G. JAMES
Assistant United States Attorney
N.Y. Registration Number 2481414
Office of the United States Attorney
Eastern District of North Carolina
(on detail to the USAO-DC)
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Mike.James@usdoj.gov
Telephone: (919) 856-4530