## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**NOAH BACON,**<br><br>Defendant. | Case No. 21-cr-488 (CRC) |

## FINAL JURY INSTRUCTIONS

Ladies and gentlemen, you have now heard all of the evidence in the case.   Before you begin your deliberations, I am going to instruct you on the law.   I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case.   Some of these rules will repeat what I told you in my preliminary instructions.

### Instruction No. 1: Furnishing Jury with Copy of Instructions

I will provide each of you with a copy of my instructions.   During your deliberations, you may, if you want, refer to these instructions.   While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.   If you have any questions about the instructions, you should feel free to send me a note.   Please leave your instructions in the jury room when you conclude your deliberations.

### Instruction No. 2: Function of the Court

As I said, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.   It is your duty to accept the law as I instruct you.   You should consider all the instructions as a whole.   You may not ignore or refuse to follow any of them.

1

### Instruction No. 3: Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.   You are the sole judges of the facts.   While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence.   You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.   You should not be improperly influenced by anyone's race, ethnic origin, or gender.   Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done during the trial as indicating how I think you should decide this case.   If you believe that I have expressed or indicated any such opinion, you should ignore it.   The verdict in this case is your responsibility alone.

### Instruction No. 4: Jury's Recollection Controls

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

### Instruction No. 5: Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

### Instruction No. 6: Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial.   The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, any reasonable inferences that you feel are justified in light of your experience. You should give any evidence the weight that you think it is fairly entitled to receive.

### Instruction No. 7: Statements of Counsel

The statements and arguments of the lawyers are not evidence.   They are only intended to assist you in understanding the evidence.   Likewise, the questions of the lawyers are not evidence.

### Instruction No. 8: Indictment Not Evidence

As I've explained, the Defendant was charged in this case via an indictment.   An indictment is merely the formal way of accusing a person of a crime.   You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Bacon's guilt or draw any inference of guilt from it.

### Instruction No. 9: Burden of Proof

Every defendant in a criminal case is presumed to be innocent.   This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.   This burden never shifts throughout the trial.   The law does not require Mr. Bacon to prove his innocence or to produce any evidence at all.   If you find that the government has proven beyond a reasonable doubt every element of an offense with

which he is charged, it is your duty to find him guilty of that offense.   On the other hand, if you

find the government has failed to prove any element of an offense beyond a reasonable doubt, you

must find Mr. Bacon not guilty of that offense.

### Instruction No. 10: Reasonable Doubt

The government has the burden of proving Mr. Bacon guilty beyond a reasonable doubt.

Some of you may have served as jurors in civil cases, where it is only necessary to prove that a fact

is more likely true than not, or, in some cases, that its truth is highly probable.   In criminal cases

such as this one, the government's proof must be more powerful than that.   It must be beyond a

reasonable doubt.   Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for

which you have a reason based on the evidence or lack of evidence in the case.   If, after careful,

honest, and impartial consideration of all the evidence, you cannot say that you are firmly

convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful

and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt

based on reason.   The government is not required to prove guilt beyond all doubt, or to a

mathematical or scientific certainty.   Its burden is to prove guilt beyond a reasonable doubt.

### Instruction No. 11: Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this

case—direct evidence and circumstantial evidence.   When a witness, such as an eyewitness,

asserts actual knowledge of a fact, that witness's testimony is direct evidence.   On the other hand,

evidence of facts and circumstances from which reasonable inferences may be drawn is

circumstantial evidence.

4

Let me give you an example.   Assume you looked out a window and saw snow falling.   If you later testified in court that you saw snow falling, that would be direct evidence that it snowed. But if you looked out a window and saw no snow on the ground before you went to sleep, and then saw snow on the ground the next morning, your testimony about what you saw would be circumstantial evidence that it had snowed overnight.

Both direct and circumstantial evidence are acceptable means of proving a fact.   The law does not favor one form of evidence over another.   You should consider all the evidence, and it is up to you to decide how much weight to give to any particular evidence, whether direct or circumstantial.

### Instruction No. 12: Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict.   I asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

### Instruction No. 13: Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.   Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.   You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

**Instruction No. 14: Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses.   You alone determine whether to believe any witness and the extent to which a witness should be believed.   Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which he or she testified.

You may consider anything that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people involved in the case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or disparities in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.   Two or more persons witnessing an incident or transaction may see it or hear it differently; an innocent misrecollection, like a failure of recollection, is not an uncommon experience.   In weighing the effects of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or

unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

If you believe that any witness has shown himself or herself to be biased or prejudiced, for or against either side, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Instruction No. 15: Law Enforcement Officer Testimony

You have heard testimony from officers of the United States Capitol Police, the Federal Bureau of Investigation, and the United States Secret Service.   A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.   In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness.   In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a law enforcement officer.

### Instruction No. 16: Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.  You must not hold such objections against the lawyer who made them or the party he or she represents.  It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations.

**Instruction No. 17: Defendant as Witness**

A defendant has a right to become a witness in his own behalf.   His testimony should not be disbelieved merely because he is the defendant.   In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of the trial.   As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

**Instruction No. 18: Character of Defendant**

Mr. Bacon has introduced testimony that he has a good reputation in his community for following the law and for non-violence. Such evidence may indicate to you that it is unlikely that a law-abiding or non-violent person would commit the crimes charged or it may not. You may consider this evidence along with other evidence in the case including evidence that contradicts Mr. Bacon's character evidence and give it as much weight as you think it deserves.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Mr. Bacon is guilty of the crimes charged, it is your duty to find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to a defendant's guilt, although without it the other evidence would be convincing.

Mr. Bacon has also introduced testimony that he has a reputation for being truthful. You may consider this evidence, along with other evidence in the case, as you weigh the credibility of Mr. Bacon's testimony.

## ELEMENTS OF THE CHARGED OFFENSES

I will now instruct you on the specific offenses charged in the indictment.

**Instruction No. 19: Count One – Entering or Remaining in a Restricted Building or Grounds**

Count One of the indictment charges the defendant with entering or remaining in a restricted building or grounds.

Elements

In order to find the defendant guilty of entering or remaining in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in a restricted building without lawful authority to do so.

Second, that the defendant did so knowingly.

Definitions

The term "restricted building" means any posted, cordoned off, or otherwise restricted area of a building where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President of the United States and the immediate family of the Vice President.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.  In deciding whether the defendant knowingly entered or remained in a restricted building, you may consider all of the evidence, including what the defendant did or said.

A person who enters or remains in a restricted area with a good faith belief that he is entering or remaining with lawful authority is not guilty of this offense.   Thus, you cannot find the defendant guilty of Count One unless you are convinced beyond a reasonable doubt that he did not have a good faith belief of his lawful authority to enter or remain in the restricted building.

9

**Instruction No. 20: Count Two – Disorderly or Disruptive Conduct in a Restricted Building**

Count Two of the indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

<u>Elements</u>

In order to find the defendant guilty of disorderly or disruptive conduct in a restricted building or grounds, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building.

Second, that the defendant did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

<u>Definitions</u>

"Disorderly conduct" occurs when a person is unreasonably loud and disruptive under the circumstances, or interferes with another person by jostling against or unnecessarily crowding that person.

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.

The term "restricted building" has the same meaning as described in Count One.

The term "knowingly" has the same meanings as described in the instructions for Count One.

**Instruction No. 21: Count Three – Entering and Remaining in the Gallery of either House of Congress**

Count Three of the indictment charges the defendant with entering and remaining in the Gallery of either House of Congress.

<u>Elements</u>

In order to find the defendant guilty of entering and remaining in the Gallery of either House of Congress, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant entered or remained in the Gallery of either House of Congress without authorization to do so.

Second, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "knowingly" has the same meaning as that described for Count One.

A person acts "willfully" if he acts with the intent to do something that the law forbids, that is, to disobey or disregard the law. "Willfully" does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating.

**Instruction No. 22: Count Four – Disorderly or Disruptive Conduct in a Capitol Building**

Count Four of the indictment charges the defendant with disorderly or disruptive conduct in a Capitol Building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First, that the defendant engaged in disorderly or disruptive conduct in any of the United States Capitol Buildings.

Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress.

Third, that the defendant acted willfully and knowingly.

<u>Definitions</u>

The term "United States Capitol Buildings" includes the United States Capitol located at First Street, Southeast, in Washington, D.C.

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count Two defining "disorderly conduct" and "disruptive conduct."

A person acts "willfully" has the same meaning as that described in the instructions for Count Three.

The term "knowingly" has the same meaning as that described in the instructions for Count One.

**Instruction No. 23: Count Five – Parading, Demonstrating, or Picketing in a Capitol Building**

Count Five of the indictment charges the defendant with parading, demonstrating, or picketing in a capitol building, which is a violation of federal law.

<u>Elements</u>

In order to find the defendant guilty of this offense, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, the defendant paraded, demonstrated, or picketed in any of the United States Capitol Buildings.

Second, the defendant acted willfully and knowingly.

<u>Definitions</u>

The terms "parade" and "picket" have their ordinary meanings.

The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.

The term "United States Capitol Buildings" has the same meaning as in the instruction for Count Four defining "United States Capitol Buildings."

The term "knowingly" has the same meaning as that described in the instructions for Count One.

The term "willfully" has the same meaning as that described in the instructions for Count Three.

13

**Instruction No. 24: Count Six - Obstruction of an Official Proceeding**

**and Aiding and Abetting**

Count Six of the indictment charges the defendant with corruptly obstructing an official proceeding, which is a violation of federal law.  Count Six also charges the defendant with attempt to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.  I will first explain the elements of the substantive offense, along with its associated definitions.  Then, I will explain how to determine whether the defendant attempted the offense and whether the defendant aided and abetted the offense.

<u>Elements</u>

In order to find the defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant attempted to or did obstruct or impede an official proceeding.

Second, the defendant acted with the intent to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.  The official proceeding need not be pending or about to be instituted at the time of the offense.  If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.  As used in Count Six, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

"Knowingly" has the same meaning as described in Count One.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, or both.  The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

 Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.  In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.

While the defendant must act with intent to obstruct the official proceeding, this need not be his sole purpose.  A defendant's unlawful intent to obstruct an official proceeding is not negated by the simultaneous presence of another purpose for his conduct.  However, the fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.

<u>Attempt</u>

In Count Six, the defendant is also charged with attempt to commit the crime of obstruction of an official proceeding.  An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.

In order to find the defendant guilty of attempt to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because he made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit obstruction of an official proceeding. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendant aided and abetted others in committing obstruction of an official proceeding as charged in Count Six. A person may be guilty of an offense if he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice.

The person whom the accomplice aids and abets is known as the principal.  It is not necessary that all the people who committed the crime be caught or identified.  It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because he aided and abetted others in committing this offense, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed obstruction of an official proceeding by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed or was being committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or those acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or those acts with the intent that others commit the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.  That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense. The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist,

facilitate, or encourage only one or some parts or phases of the offense.  Also, the defendant's

acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the

fourth requirement for aiding and abetting, you may consider both direct and circumstantial

evidence, including the defendant's words and actions and other facts and circumstances.

However, evidence that the defendant merely associated with persons involved in a criminal

venture or was merely present or was merely a knowing spectator during the commission of the

offense is not enough for you to find the defendant guilty as an aider and abettor.  If the

evidence shows that the defendant knew that the offense was being committed or was about to

be committed, but does not also prove beyond a reasonable doubt that it was the defendant's

intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the

offense, you may not find the defendant guilty of obstruction of an official proceeding as an

aider and abettor.  The government must prove beyond a reasonable doubt that the defendant in

some way participated in the offense committed by others as something the defendant wished to

bring about and to make succeed.

## <u>OTHER INSTRUCTIONS</u>

### Instruction No. 25: Proof of State of Mind

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no

way of knowing what a person is actually thinking, but you may infer someone's intent or

knowledge from the surrounding circumstances.   You may consider any statement made or acts

done by the defendant, and all other facts and circumstances received in evidence which indicate

his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and

probable consequences of acts he intentionally did or intentionally did not do.   It is entirely up

to you, however, to decide what facts to find from the evidence received during this trial.   You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

### Instruction No. 26: Multiple Counts—One Defendant

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

### <u>CONCLUDING INSTRUCTIONS</u>

### Instruction No. 27: Unanimity—General

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.   In other words, your verdicts must be unanimous.

### Instruction No. 28: Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.   The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.   Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict.   Please follow the instructions closely.

**Instruction No. 29: Exhibits During Deliberation**

I will be sending into the jury room with you the exhibits that have been admitted into evidence.   You may examine any or all of them as you consider your verdict.   Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

**Instruction No. 30: Redacted Exhibits**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes only portions of an exhibit were admitted, such as portions of a longer video, a document with some words or pictures blacked out or otherwise removed, or a video played without audio.   There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.   As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted.   You should not guess as to what has been taken out or why, and you should not hold it against either party.   You are to decide the facts only from the evidence that is before you.

**Instruction No. 31: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court.   There are no specific rules regarding how you should select a foreperson.   That is up to you.   However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or his views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 32: Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.   The duty of imposing a sentence in the event of a conviction rests exclusively with me.   Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction No. 33: Cautionary Instruction on Publicity, Communications, Research**

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case.   If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.   You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom.   If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else.   Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial.   During deliberations, you may not communicate with anyone not on the jury about this case.   This includes any electronic communication such as email or text or any blogging about the case.   In addition, you may not conduct any independent investigation during deliberations.   This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction No. 34: Communications Between Court and Jury During Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Jenkins or one of the marshals, signed by your foreperson or by one or more members of the jury.   No member of the jury should try to communicate with me about the case except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not Ms. Jenkins, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict.   This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion— whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 35: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.   It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.   When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.   Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.   Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.   Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction No. 36: Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors.   As I told you before, the selection of an alternate was an entirely random process; it's nothing personal.   We selected two seats to be the alternate seats before any of you entered the courtroom.   Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 6 and 14.

Before you leave, I am going to ask you to make sure Ms. Jenkins has all of your current information.   I do this because it is possible that we will need to summon you back to rejoin the jury in case something happens to a regular juror.   Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.   My earlier instruction on use of the internet still applies; do not research this case or communicate about it on the internet. If you are not needed, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**Instruction No. 37: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided.   I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you.   You may now retire to begin your deliberations.

---

CHRISTOPHER R. COOPER
United States District Judge

Date: <u>March 2, 2023</u>