# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>NOAH BACON,<br><br>                    Defendant | Case No.: 1:21-cr-00488-CRC-1<br><br>**MEMORANDUM IN AID OF SENTENCING** |

COMES NOW, Noah Bacon, through counsel, Joseph Conte, pursuant to Federal Rule of Criminal Procedure 32 to address the sentencing factors of 18 U.S.C. §3553(a) in aid of the defendant's sentencing and to request that the court impose a sentence of five years probation with home confinement and community service.

## IMPOSITION OF SENTENCE

This court must impose a sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

In determining the sentence to be imposed this court must consider the §3553(a) factors.  Those are:

**A.  The Nature and Circumstances of the Offense.**

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 1

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

Mr. Bacon was found guilty, after a jury trial, of Entering and Remaining in a Restricted Building in violation of 18 U.S.C. §1752(a)(1) a Class A misdemeanor, Disorderly and Disruptive Conduct in a Restricted Building or Grounds in violation of §1752(a)(2), a Class B misdemeanor, Entering and Remaining in the Gallery of Congress in violation of 40 U.S.C. §5104(e)(2)(B), a Class B misdemeanor, Disorderly Conduct at the Grounds and in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(D), a Class B misdemeanor, Parading, Demonstrating, or Picketing in a Capitol Building in violation of 40 U.S.C. §5104(e)(2)(G), and Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. §1512(c)(2) and 2, a Class C felony.  Mr. Bacon was in Washington, D.C. on January 6, 2021, to listen to the speech of then President Trump.  After being told by then President Trump to go to the Capitol he followed the crowd to the Capitol and then, following the crowd entered the Capitol building. Mr. Bacon spent approximately 51 minutes in the Capitol including approximately 10 minutes in the Senate Chamber.  He was not armed, and he committed no violent actions.  Mr. Bacon did not destroy anything.

### B. History and Characteristics of the Defendant.

Mr. Bacon is 30 years old and a resident of Massachusetts.  He has never had any previous contact with the Criminal Justice System.  As the court can glean from the two score letters submitted to the court by Mr. Bacon's friends and family, Mr. Bacon has not achieved his full potential in life.  Despite having the ability, he has yet to obtain a college degree or found meaningful employment.  He is employed doing odd jobs while he attends on-line college classes.  Mr. Bacon has spent the greater part of his adult life practicing and teaching yoga and in spiritual

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 2

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

meditation. (Mr. Bacon spent some minutes inside the Capitol meditating). In letters to the court Mr. Bacon has been called "a lost soul" and "naïve" (See Letter to the court from Susan Bacon Lodge (Dkt. #83)). "A peaceful person, devoted to yoga, meditation, and spirituality" (Letter from Stevie Jick, (Dkt. 82)). "Gentle" (Letter from Katharine Perkins, (Dkt. #84) and Letter from Elizabeth McNamara, (Dkt. #88)). "Peaceful" (Letter from Jeannie Ramey and Bruce Biewald, (Dkt. #86)). "A work in progress" (Letter from Gerald Frank, (Dkt. #87)). Collectively the letters to the court portray a person seeking to find his place in life but a person who is peaceful, generous with his time, devoted to yoga and meditation and not deserving of incarceration for his out-of-character actions on January 6, 2021.

C. **The Need for the Sentence imposed** –

1. **To Reflect the Seriousness of the Offense, Promote Respect for the Law and to Provide Just Punishment for the Offense.**

The offenses Mr. Bacon was found guilty of are serious and include five misdemeanors and a felony. A period of probation with home confinement and community service will still reflect the seriousness of the offenses, promote respect for the law and provide just punishment. As the Supreme Court has noted probation involves a "substantial restriction of freedom." *United States v. Gall,* 128 S.Ct. 586, 595 (2007). "Inherent in the very nature of probation is that probationers 'do not enjoy the absolute liberty to which every citizen is entitled'" (quoting *Griffin v. Wisconsin*, 583 US. 868, 874 (1987).

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 3

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

     **2.**       **To afford Adequate Deterrence to Criminal Conduct, and**

     **3.**       **To Protect the Public from Further Crimes of the Defendant.**

The letters to the court from Mr. Bacon's family and friends, as well as Mr. Bacon's own letter to the court (Dkt. #108), reflect that his aberrant behavior on January 6 was incomprehensible given his background, upbringing, and the way he has spent his entire life. Based on his background and his actions post-arrest there is ample evidence that a probationary sentence will afford adequate deterrence to criminal conduct and there is also ample evidence that Mr. Bacon will not commit further crimes.

     **4.**       **To Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

Mr. Bacon is enrolled in an on-line university and incarceration will only interrupt his education.

**D.**       **The Kind of Sentences Available, and**

**E.**       **The Kinds of Sentence and the Sentencing Range Established by the Guidelines.**

As computed by the probation office, Mr. Bacon's Total Offense Level is 17 and he is in Criminal History Category I. The sentencing range is 24-30 months. The court must consider the guidelines however the court is free to impose

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 4

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

any sentence that is ". . . sufficient but not greater than necessary, to comply with the purposes [of sentencing] set forth in section 2 of 18 U.S.C. §3553(a)."

### F. The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct.

A sentence of probation with home confinement and community service would not constitute an unwarranted sentence disparity. There is no dispute that Mr. Bacon's criminal conviction in this case is serious and will likely have irreparable unintended consequences. Any lengthy prison term would nonetheless be an inappropriate sentence for Mr. Bacon. The Court should not impose a sentence which would result in an unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Counsel has surveyed other January 6th cases / sentences and notes five similar defendants who committed factually similar behavior.

Paul Hodgkins entered the Capitol building at approximately 2:50 p.m. entered the Senate Chamber at 3:00 p.m., walked among the desks, took a "selfie," and stood with individuals shouting and cheering with a bullhorn. He was in the Senate Chamber for approximately 15 minutes. See Statement of Offense [23], 1:21-CR-00188- RDM. Mr. Hodgkins pled guilty to one felony count of 18 U.S.C.

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 5

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

1512(c)(2) and he was sentenced 8 months' incarceration and 24 months supervised release. Unlike Mr. Hodges, Mr. Bacon did not go near the desk in the Senate Chamber and did not associate with anyone in the front of the room, e.g. the people shouting on the bullhorn.

Richard Michetti repeatedly entered and exited the Capitol building. See Statement of Offense, [41] 1:21-CR-00232-CRC. Mr. Michetti shouted at police officers in the hallway by the Senate Chamber among a group of rioters. He was inside the U.S. Capitol Building for less than an hour and he never entered onto the Senate Floor. Mr. Michetti pled guilty to one count of 18 U.S.C. 1512(c)(2) and he was sentenced to 9 months incarceration and 24 months supervised release. Mr. Bacon did not re-enter the Capitol building after exiting. He did not shout at or confront police officers and was respectful to the officers who told him to leave the building.

Matthew Wood climbed through a window, only the tenth person to climb through that window. See Statement of Offense, [46] 1:21-CR-00223-APM. Mr. Wood walked into the Speaker of the House's office suite / conference room, as well as other parts of the Capitol Building. Mr. Wood also removed velvet ropes, dropping them onto the ground. Mr. Wood pled guilty to one count of 18 U.S.C. 1512(c)(2), among others, and he was sentenced to 12 months home detention and

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 6

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

36 months probation. Mr. Bacon entered the building through an open door and did not enter anyone's private offices.

John Andries climbed through a broken window into the U.S. Capitol Building two minutes after the rioters' initial breach at that location. See Statement of Offense [61] 1:21-CR-00093-RC. While in the Crypt area, Mr. Andries, among other rioters, surged past police officers and then wandered around the House of Representatives Chamber. Mr. Andries again pushed past police officers upon leaving. He then went to the area of the House of Representative's Chamber – but he never went onto the floor. He then went to the Speaker's Lobby area. Mr. Andries pled guilty to one count of 18 U.S.C. 1512(c) and he was sentenced to 12 months and one day incarceration with 36 months of supervised release.  Unlike Mr. Andries, Mr. Bacon entered the building through an open door.  He did not go to the Speaker's lobby area and while in the Senate Chamber he stayed in the back of the room, seated, only observing.

Anthony Puma entered the U.S. Capitol building by climbing through a shattered window, walked into various offices, and joined other rioters smoking marijuana. See Statement of Offense [48] 1:21-CR-00454-PLF. Mr. Puma pled guilty to one count of 18 U.S.C. 1512(c)(2) and he was sentenced to 9 months incarceration and 24 months supervised release.  Mr. Bacon entered the building

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 7

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

through an open door. He did not enter anyone's private offices, nor did he smoke marijuana or anything else while inside the Capitol building.

Here, Mr. Bacon falls among a group of January 6th defendants who did not commit violent acts while inside or outside of the Capitol. Mr. Bacon walked into the Capitol building through its doors, walked into the Senate Chamber, stayed for a short time and left.

To avoid an unwarranted sentencing disparity, this Court should fashion a sentence similar to January 6 defendants Mr. Hodgkins, Mr. Michetti, Mr. Wood, Mr. Andries, and Mr. Puma.

## CONCLUSION

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States*, 128 S.Ct. 586, 598 (2007) citing *Koon v. United States*, 518 U.S. 81, 113 (1996). The defendant's case is unique.  He is a 30-year-old offender caught up in the madness

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 8

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com

that was January 6.  As set out above a sentence of probation with home confinement and community service will satisfy the 18 U.S.C. §3553(a) factors.

## RECOMMENDATION

Should the court determine that incarceration is justified Mr. Bacon requests that the court recommend to the Bureau of Prisons that he be incarcerated as close as possible to his family in Massachusetts.

## GOVERNMENT'S POSITION ON SENTENCING

In their sentencing memorandum the government has requested that the court add two points to the guideline computation under U.S.S.G. §3C1.1 based on Mr. Bacon's "demonstrably false trial testimony."  (Dkt. 106 page 22).  Mr. Bacon's testimony at trial was truthful and not meant to mislead the jury.  The court should not assess a two-level enhancement under U.S.S.G. §3C1.1.

Dated:  July 19, 2023

                                              Respectfully submitted,

                                              _____
                                              Joseph R. Conte, Bar #366827
                                              Counsel for Noah Bacon
                                              Law Office of J.R. Conte
                                              8251 NW 15th Ct.
                                              Coral Springs, FL  33071
                                              Phone:         202.236.1147
                                              E-mail:        dcgunlaw@gmail.com

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 9

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone: 202.236.1147
Email: dcgunlaw@gmail.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*United States v. Noah Bacon*
Case No. 1:21-cr-00488 CRC=1

Memorandum in Aid of Sentencing
Page No. 10

SENT MEMO RIOT 23/07/19 08:07:26

Law Office of Joseph R. Conte
8251 NW 15TH CT.
CORAL SPRINGS, FL  33071
Washington, D.C. 20004
Phone:  202.236.1147
Email:  dcgunlaw@gmail.com